Before State Industrial Commission, Respondent.

In the Matter of the Claim of Margaret Kinsella, Respondent, for Compensation to Herself and Children under the Workmen's Compensation Law for the Death of Her Husband, Michael J. Kinsella, v. The New York Central Railroad Company, Employer and Self-Insurer, Appellant.

Third Department, March 14, 1919.

Workmen's Compensation Law — interstate commerce — injury to employee while engaged in cleaning car, making interstate journey but temporarily detained in this State.

An employee of a domestic railroad corporation injured while engaged in cleaning a car of a foreign railroad company making an interstate journey but temporarily detained in this State, was engaged in interstate commerce, and an award may not be given for his death under the State Workmen's Compensation Law.

John M. Kellogg, P. J., dissented.

Appeal by the defendant, The New York Central Railroad Company, from a decision and award of the State Industrial Commission, rendered on the 4th day of November, 1918, granting compensation herein.

*Visscher, Whalen & Austin,* for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], *Robert W. Bonynge,* counsel to State Industrial Commission, and *Philip J. O'Keefe,* for the respondents.

H. T. Kellogg, J.:

The deceased was an employee of the New York Central Railroad Company. He was engaged in cleaning a Seaboard

Air Line car standing on a track in a freight yard of his employer at Canandaigua, N. Y., when his clothes caught fire and he received such burns that he died. The car in question had recently made a journey from Brooklet, Ga., to Amsterdam, N. Y., with a cargo of melons. Having been unloaded, it was billed out of Amsterdam as an empty, on a home route card via Canandaigua, to Potomac Yard, Va. It arrived at Canandaigua on July 20, 1915, and there stood on track awaiting delivery to the Pennsylvania Railroad Company. It was during this temporary suspension of its journey that the accident occurred. On the day following the accident it was picked up by the Pennsylvania Railroad Company, and continued on its travels, homeward bound beyond the limits of the State. The car was making an interstate journey, and the deceased who cleaned it was at the time engaged in interstate commerce. (*Delk* v. *St. Louis & San Francisco R. R.*, 220 U. S. 580; *North Carolina Railroad Co.* v. *Zachary*, 232 id. 248; *Chicago, Rock Island Railway* v. *Wright*, 239 id. 548.) Therefore, no award for this accident should have been made.

The award should be reversed and the claim dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.